IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TYANNA CELESTE ROBINSON, § | |
|     PETITIONER, § | |
| § | |
| vs. § | Civil Action No. 4:08-CV-613-Y |
| § | |
| W. ELAINE CHAPMAN, WARDEN, § | |
| FMC-CARSWELL, § | |
|     RESPONDENT. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendations of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.   NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

**B.   PARTIES**

Petitioner Tyanna Celeste Robinson, Reg. No. 20641-057, is a federal prisoner who was confined in the Federal Medical Center in Fort Worth, Texas (FMC-Carswell), at the time this petition was filed. She is currently confined in the Federal Correctional Institution in Tallahassee, Florida.

Respondent W. Elaine Chapman is Warden of FMC-Carswell.

## C.  PROCEDURAL HISTORY

Robinson is serving a 135-month term of incarceration on her 2001 conviction for possession with intent to deliver crack cocaine in the United States District Court for the North Carolina Middle District. (Resp't Appendix at 1-2) *United States v. Robinson*, Criminal Docket for Case # 1:01-CR0128-NCT. Her projected supervised release date is December 2, 2011. By way of this petition, Robinson seeks restoration of 410 days of good conduct time forfeited as a result of various disciplinary violations. Chapman has filed a response with supporting brief and documentary exhibits requesting dismissal of the petition on exhaustion grounds, to which Robinson did not timely reply.

## D.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

Chapman asserts that the petition should be dismissed because Robinson has failed to exhaust her administrative remedies. Federal prisoners must exhaust administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The administrative remedy procedure for federal prisoners is provided at 28 C.F.R. §§ 542.10-542.19. (Resp't Appendix at 4) Under this administrative procedure, if informal resolution fails, the inmate must pursue a three-level process within the prescribed time intervals. Typically, the inmate must formally appeal to the Warden, via a Request for Administrative Remedy, commonly referred to as a BP-9; then to the Regional Director, via a form commonly referred to as a BP-10; and finally to the Office of General Counsel, via a form commonly referred to as a BP-11. Administrative remedies have not been exhausted until the inmate's claim has been filed at all levels and has been denied at all levels. *See* 28 C.F.R. § 542.15; *Rourke*, 11 F.3d at 49.

The government has submitted the declaration of Alberto Munguia, Supervisory Attorney at FMC-Carswell. (Resp't Appendix at 1-7) Munguia avers that, by way of his employment, he has access to records maintained by the Bureau of Prisons and that Robinson has not exhausted her administrative remedies as to the issues raised in this petition. Nor has Robinson alleged or presented evidence through exhibits that she has exhausted the administrative remedy process relevant to the issues presented.

The purpose of exhaustion is to allow the federal agency being challenged an opportunity to correct its own error without court intervention. *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991). Exceptions to the exhaustion requirement are appropriate only in extraordinary circumstances where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action. *Fuller*, 11 F.3d at 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). Such showing not having been demonstrated by Robinson, she cannot now proceed in this court in habeas corpus. Accordingly, dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted.

## II. RECOMMENDATION

It is recommended that the petition be dismissed without prejudice on exhaustion grounds.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been

served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 16, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until April 16, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 26, 2009.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE